IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHANNON RILEY,

     Plaintiff,

  v.

CORRECTIONAL OFFICERS GRIECO
and COLLIER, CORRECTIONAL
SERGEANT SANCHEZ and WARDEN
GROUNDS,

     Defendants.

Case No.: C 13-4410 CW (PR)

ORDER SERVING COGNIZABLE
CLAIMS; DISMISSING NON-
COGNIZABLE CLAIM; DENYING
MOTIONS FOR PRELIMINARY
INJUNCTION, TO EXPEDITE
PRELIMINARY INJUNCTION, FOR
JOINDER AND TO SUPPLEMENT
COMPLAINT

Doc. nos. 2, 3, 4, and 8

On September 23, 2013, Plaintiff, an inmate at Salinas Valley State Prison (SVSP), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that correctional officers at SVSP violated his constitutional rights.  On the same day, Plaintiff filed motions for a preliminary injunction, to expedite the motion for preliminary injunction and for joinder of plaintiffs.  On October 21, 2013, Plaintiff filed a "supplemental" motion to add additional defendants to the complaint, which the Court construes as a motion to supplement the complaint.  Plaintiff has also moved for leave to proceed in forma pauperis (IFP).

    The Court finds that Plaintiff's IFP application is complete and it is granted in a separate Order.  For the reasons discussed below, the cognizable claims will be served; the noncognizable claim is dismissed; and Plaintiff's motions for a preliminary

United States District Court

For the Northern District of California

injunction, to expedite the preliminary injunction, for joinder of plaintiffs, and to supplement the complaint are DENIED.

DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  Lemire v. Cal. Dep't Corrections & Rehabilitation, 756 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative

2

act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under § 1983.  Lemire, 756 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

II.  Plaintiff's Allegations

In his complaint, Plaintiff asserts the following allegations.  Officer Grieco told other inmates at SVSP that Plaintiff is a "snitch" in order to motivate the inmates to assault or harm Plaintiff.  Because of Officer Grieco's actions, Plaintiff has been assaulted by other inmates.

In the week of June 16, 2013, Plaintiff was taken to see the nurse to have his waist-chain chrono order updated because he has a number of back-related ailments and cannot "cuff up" behind his back.  The nurse informed Sgt. Sanchez that Plaintiff's updated chrono was on the desk of the Chief Medical Officer (CMO) waiting to be signed and provided Sgt. Sanchez with a copy of Plaintiff's current chrono.  On or around June 25, 2013, when Plaintiff was taken to a medical appointment, the escort officers told Plaintiff that his waist-chain chrono had expired and Plaintiff had to cuff up behind his back.  Plaintiff asked to speak to Sgt. Sanchez, but Sgt. Sanchez refused to acknowledge that Plaintiff's updated waist-chain chrono was awaiting the signature of the CMO and told Plaintiff that he had to cuff up behind his back.  Plaintiff proceeded to cuff up behind his back, but as he was being escorted

3

**United States District Court**
For the Northern District of California

back to his cell, he began to feel a tingling sensation in his neck and back and in the toes on his left foot.  Later that night, Plaintiff noticed his toes were numb and he continues to feel pain in his spine when he turns his head to the left.

On July 10, 2013, Plaintiff was not called to go to the law library, even though he had asked to go.  Later that month, Plaintiff learned that Sgt. Sanchez falsely stated that Plaintiff refused to go to the law library.

Over a period of time, Officer Collier became very aggressive in handling Plaintiff when escorting him to the shower.  Officer Collier also would violently slam Plaintiff's food port and violently shove the dinner tray when serving Plaintiff dinner.  When Plaintiff asked Officer Collier why he was treating Plaintiff so badly, Officer Collier replied, "Did you really think we'd let you get away with filing your lil [sic] law suits and writing your little reports.  Your [sic] in my house now."  Comp. at 10.  Several times when Officer Collier came to Plaintiff's cell door with a food tray, Plaintiff refused the meal because he wanted to avoid all contact with Officer Collier.  Because Officer Collier treated Plaintiff so aggressively, Plaintiff had to take anti-anxiety medication.  On September 1, 2013, Officer Collier came to Plaintiff's cell door and told Plaintiff, "I've done my research on you.  Keep filing shit and I'll murder your albino monkey ass."  Comp. at 14.  Later that night, when Plaintiff was taken out of his cell to go to the medical department, Officer Collier entered Plaintiff's cell with a trash can.  Plaintiff noticed that portions of his complaint against Sgt. Sanchez and copies of legal opinions he had received from the law library were missing.

United States District Court
For the Northern District of California

Plaintiff wrote to Warden Grounds to inform him that Officer Collier had made threats against Plaintiff's life.  Another inmate named Smith also wrote to Warden Grounds about Officer Collier's abusive and threatening behavior.  Warden Grounds has taken no steps to discipline or train Officer Collier to behave in an appropriate manner, although he knows that Officer Collier is threatening and intimidating Plaintiff and other inmates.

Based on these allegations, Plaintiff asserts the following claims: (1) an Eighth Amendment claim for cruel and unusual punishment against Officer Grieco based on his falsely telling inmates that Plaintiff is a snitch; (2) a First Amendment claim against Sgt. Sanchez for falsely stating that Plaintiff refused to go to the law library; (3) an Eighth Amendment claim for cruel and unusual punishment against Sgt. Sanchez because he ignored the fact that Plaintiff's updated waist-chain chrono was on the CMO's desk awaiting his signature; (4) a claim for violation of the First, Eighth and Fourteenth Amendments against Officer Collier for subjecting Plaintiff to harassment and terrifying threats in retaliation for Plaintiff's filing law suits against SVSP prison staff; and (5) a claim against Warden Grounds for failing to stop Officer Collier's harassing behavior.

Plaintiff requests compensatory and punitive damages and a preliminary injunction ordering Defendants to refrain from harassing and threatening Plaintiff, to refrain from punitive cell searches and to provide him access to the law library.

//

//

//

5

**United States District Court**
For the Northern District of California

1    III. Plaintiff's Claims

2        A. Eighth Amendment Claims Against Officer Grieco and
3        Sgt. Sanchez

4        The Eighth Amendment requires that prison officials take

5    reasonable measures to guarantee the safety of prisoners.  Farmer

6    v. Brennan, 511 U.S. 825, 832 (1994).  The failure of prison

7    officials to protect inmates from attacks by other inmates or from

8    dangerous conditions at the prison violates the Eighth Amendment

9    only when two requirements are met: (1) the deprivation alleged

10   is, objectively, sufficiently serious; and (2) the prison official

11   is, subjectively, deliberately indifferent to inmate safety.  Id.
     at 834.

12       Liberally construed, Plaintiff's allegations are sufficient

13   to state an Eighth Amendment claim against Officer Grieco for

14   telling other inmates that Plaintiff is a snitch and against Sgt.

15   Sanchez for forcing Plaintiff to cuff up behind his back when he

16   knew Plaintiff had a waist-chain chrono for his serious back

17   ailments.

18       B. Eighth Amendment Claim Against Officer Collier

19       Although the Eighth Amendment requires that prison officials

20   take reasonable measures to guarantee the safety of prisoners,

21   Farmer, 511 U.S. at 832, allegations of verbal harassment and

22   abuse fail to state a claim cognizable under 42 U.S.C. § 1983,

23   Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997).  However, in

24   Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), the court

25   distinguished the general rule that "verbal harassment . . . does

26   not violate the Eighth Amendment," and suggested that evidence of

27   something more that was "calculated to and did cause []

28

psychological damage" might be sufficient to state a claim for a constitutional violation.

Liberally construed, Plaintiff's allegations that Officer Collier's conduct terrorized Plaintiff are sufficient to state an Eighth Amendment claim.

C. First Amendment Claim Against Sgt. Sanchez and Officer Collier

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. Id. at 287. Prisoners may not be retaliated against for exercising their right of access to the courts. Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). The right of access to the courts extends to established prison grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Thus, a prisoner may not be retaliated against for using such procedures. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

Liberally construed, Plaintiff's allegations that Officer Collier threatened Plaintiff because he had filed complaints against other officers are sufficient to state a First Amendment retaliation claim against Officer Collier.

However, even liberally construed, Plaintiff's allegation that, on one occasion, Sgt. Sanchez falsely stated that Plaintiff

7

refused to go to the law library is not sufficient to state a

First Amendment claim against Sgt. Sanchez.

   D. Supervisory Liability Claim Against Warden Grounds

   Plaintiff alleges that Warden Grounds was informed of Officer

Collier's threatening conduct and did nothing to stop it.

Liberally construed, this states an Eighth Amendment claim against

Warden Grounds.

VI.  Plaintiff's Motions for Preliminary Injunction and to
     Expedite the Preliminary Injunction

   Plaintiff moves for a preliminary injunction and to expedite

the preliminary injunction enjoining Officer Collier from

threatening and harassing him.

   The decision of whether to grant or deny a motion for

preliminary injunction is a matter of the district court's

discretion.  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559

F.3d 1046, 1052 (9th Cir. 2009).  Under the traditional test for

granting preliminary injunctive relief, a plaintiff must:

(1) establish a strong likelihood of success on the merits;

(2) show the possibility of irreparable injury to the plaintiff if

the preliminary relief is not granted; (3) show a balance of

hardships favoring the plaintiff; and (4) show that granting the

injunction favors the public interest.  Los Angeles Memorial

Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th

Cir. 1980).  Alternatively, a plaintiff may demonstrate either a

combination of probable success on the merits and the possibility

of irreparable injury, or that serious questions are raised and

the balance of hardships tips sharply in his favor.  Diamontiney

v. Borg, 918 F.2d 793, 795 (9th Cir. 1990).  These two

formulations represent two points on a sliding scale in which the

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

required degree of irreparable harm increases as the probability of success decreases.  Id.

Prior to granting a preliminary injunction, however, notice to the adverse party is required.  See Fed. R. Civ. P. 65(a)(1).  "The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition."  Klaus v. Hi-Shear Corp., 528 F.2d 225, 235 (9th Cir. 1975), overruled on other grounds as recognized in Stahl v. Gibraltar Fin. Corp., 967 F.2d 335, 337 (9th Cir. 1992).

Immediate injunctive relief, such as a temporary restraining order, may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  See Fed. R. Civ. P. 65(b).  Although Plaintiff swears under penalty of perjury that the information contained in his operative complaint is true and correct, and thus the operative complaint may be deemed an affidavit, and although the pleadings describe Plaintiff's circumstances with a fair amount of specificity, it does not clearly appear from the pleadings that Plaintiff will suffer immediate injury before Defendants can be given an opportunity to respond.

United States District Court
For the Northern District of California

In light of these circumstances, the Court orders service of the pleadings, as indicated below, and directs Defendants to respond to Plaintiff's request for a preliminary injunction.

Therefore, Plaintiff's motions for a preliminary injunction and to expedite the preliminary injunction are denied without prejudice.  Defendants shall respond to the request for a preliminary injunction in their dispositive motion.

V. Motion for Joinder of Plaintiffs

Plaintiff moves for the joinder of this action with an action filed by fellow inmate Smith entitled, Smith v. Hedgpeth, C 13-1052 SBA (PR).  Plaintiff seeks to join these actions because Smith also sues Officer Collier "for acts that occurred simultaneously."

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there are common questions of law or fact.  Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

A review of the docket of case number C 13-1052 SBA (PR) shows that Officer Collier is only one of over twenty defendants sued by inmate Smith.  Plaintiff does not allege that all the claims against all the defendants inmate Smith sues arise out of the same transactions and occurrences on which his claims are based and that common questions of law or fact apply to all claims against all defendants in both cases.

Therefore, the motion for joinder of the two actions is DENIED.

VI. Motion to Supplement Complaint

Plaintiff moves to add Lieutenant Stevenson and Sergeant Jimenz as defendants in his complaint.  The Court construes this as a motion to supplement the complaint.

Federal Rule of Civil Procedure 15(d) permits "supplemental pleadings setting forth transactions or occurrences or events that have happened since the date of the pleading sought to be supplemented."  The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible.  LaSalvia v. United Dairymen of Ariz., 804 F.2d 1113, 1119 (9th Cir. 1986).  "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings.  The rule is a tool of judicial economy and convenience."  Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).  "[A] supplemental complaint should have some relation to the claim set forth in the original pleading," and a court may deny leave to supplement a complaint on grounds of undue delay, prejudice to the opposing party, or futility.  Id. at 474.

Because Plaintiff's complaint has not yet been served, the original named Defendants will not be prejudiced by the addition of new defendants.  However, the motion is denied because the supplemental claims are futile.  First, Plaintiff indicates that his supplemental claims have not yet been exhausted.  Second, even if Plaintiff had exhausted the claims, they would not be cognizable.  Plaintiff alleges that the proposed supplemental defendants found him guilty at two separate rules violations hearings and, thus, they violated his due process rights.

The process due in prison disciplinary proceedings includes written notice of the charges, time to prepare for the hearing, a

written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous to institutional safety or correctional goals, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974). The fact that a prisoner may have been innocent of disciplinary charges brought against him does not give rise to a constitutional claim. Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994). The Constitution demands due process in disciplinary procedures, not error-free decision-making. Id.

Based on the above authority, Plaintiff's allegations that the proposed supplemental defendants wrongly found him guilty of two rules violations do not state cognizable claims for relief. Therefore, Plaintiff's motion to supplement his complaint is denied.

IX. Consent or Declination to Proceed Before Magistrate Judge

In order to encourage the just, speedy and inexpensive determination of 42 U.S.C. § 1983 cases filed in this district, the parties may waive their right to proceed before a district judge and consent to proceed before a magistrate judge for all purposes. Attached to this Order is a Notice of Option to Consent to Proceed Before United States Magistrate Judge and an Order requiring the parties to notify the Court whether they consent or decline to so proceeding. The parties shall complete the requisite consent or declination form and return it to the Court as set forth in paragraph 5 of the Conclusion of this Order.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

**United States District Court**
For the Northern District of California

1. Plaintiff's motions for a preliminary injunction, to expedite the preliminary injunction, for joinder and to supplement his complaint are DENIED.  Doc. nos. 2, 3, 4, and 8.

2.   Plaintiff's First Amendment claim against Sgt. Sanchez is not cognizable and it is dismissed.  Dismissal is without leave to amend as amendment would be futile.

3.   All other claims are cognizable and will be served.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to SVSP Officers Grieco and Collier, SVSP Sgt. Sanchez and SVSP Warden Grounds.  The Clerk shall also mail a copy of the complaint and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty days from the date on which the request for

waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

5.  Defendants shall file the Consent or Declination to Magistrate Judge Jurisdiction on or before the date the answer is due.

6.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.  No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion and opposition to Plaintiff's motion for a preliminary injunction.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in Woods v. Carey, 684 F.3d 934 (9th Cir.

United States District Court
For the Northern District of California

2012), and <u>Stratton v. Buck</u>, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss.

b.   Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c.   Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

d.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.

8.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than fourteen days prior to the deadline sought to be extended.

11.   This Order terminates docket numbers 2, 3, 4, and 8.

IT IS SO ORDERED.

Dated: 1/14/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE