IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>          Plaintiff,<br><br>     v.<br><br>CORRECTIONAL OFFICERS GRIECO and COLLIER, CORRECTIONAL SERGEANT SANCHEZ and WARDEN GROUNDS,<br><br>          Defendants. | Case No.: C 13-4410 CW (PR)<br><br>ORDER GRANTING, IN PART, MOTION FOR RECONSIDERATION<br><br>Doc. no. 23 |

On September 23, 2013, Plaintiff, an inmate at Salinas Valley State Prison (SVSP), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that correctional officers at SVSP violated his constitutional rights.  On January 14, 2014, the Court issued an Order Serving Cognizable Claims and Denying Plaintiff's Motion to Supplement his Complaint, in which he sought to add Lieutenant Stevenson and Sergeant Jimenez as defendants.  See Doc. no. 13.  On January 27, 2014, Plaintiff filed the instant motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure.  See Doc. 23.  Because judgment has not been entered in this case, the Court construes this as a motion for reconsideration of an interlocutory order under Civil Local Rule 7-9.

     A party may file a motion for reconsideration only after obtaining leave to do so from the Court.  Civil L.R. 7-9(a).

Reconsideration should be granted only where there has been an intervening change of law or fact, new evidence or authority not previously available in the exercise of reasonable diligence has been discovered, or a manifest failure by the district court to consider material facts or legal arguments presented before the Court issued the challenged interlocutory order.  Civil L.R. 7-9(b); School Dist. No. 1J, Multnomah Co. v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Civil L.R. 7-9(b).  Parties to an action may not relitigate issues previously decided in a case absent a compelling reason for reconsideration.  Civil L.R. 7-9(c).

In the January 14, 2014 Order, the Court denied Plaintiff's motion to add Lt. Stevenson and Sgt. Jimenez as defendants on the grounds that the claims against them were not cognizable and were unexhausted.  Doc. no. 13 at 12.  The Court found the claims were not cognizable because Plaintiff has no constitutional right to be found innocent of disciplinary charges.  Id.  However, the Court noted that there is a procedural due process right to receive a written statement of the disciplinary decision.

In his motion for reconsideration, Plaintiff argues that the Court misunderstood the allegations he asserted against Lt. Stevenson and Sgt. Jimenez.  He clarifies that he is bringing procedural due process claims against them.  He alleges that Lt. Stevenson issued Plaintiff's written decision finding Plaintiff guilty of a rules violation without citing the evidence on which he based his finding.  He alleges that Sgt. Jimenez assessed additional penalties of television restrictions against Plaintiff

2

without first reading Lt. Stevenson's disciplinary decision. Plaintiff acknowledges that both claims remain unexhausted.

It is possible the Court misconstrued the allegations Petitioner presented in his motion to supplement the complaint. However, at this time, the Court will not decide whether the claims are cognizable. Plaintiff may file a new complaint against Lt. Henderson and Sgt. Jimenez once he exhausts his administrative remedies against them.

Therefore, Plaintiff's motion for reconsideration is granted, in part.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for reconsideration is granted, in part. Plaintiff may file a new complaint against these individuals when he exhausts administrative remedies against them. At that time, the Court will consider whether Plaintiff's claims are cognizable.

2. This Order terminates docket number 23.

IT IS SO ORDERED.

Dated: 2/3/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE