IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>    Plaintiff,<br><br>  v.<br><br>CORRECTIONAL OFFICER GRIECO, et al.,<br><br>    Defendants. | Case No.: C 13-4410 CW (PR)<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS AND ORDER FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S NEW MOTIONS FOR PRELIMINARY INJUNCTION<br><br>Doc. nos. 29-33, 36, 39 |

    Plaintiff, an inmate at Salinas Valley State Prison (SVSP), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that correctional officers at SVSP violated his constitutional rights.  On January 14, 2014, the Court issued an Order Serving Cognizable Claims and Denying Motions for Preliminary Injunction, For Joinder and to Supplement Complaint. Defendants have answered the complaint and their dispositive motion was filed on May 16, 2014.  In the meantime, Plaintiff has filed the following documents: (1) Supplemental Pleading (doc no. 29); (2) Motion for Joinder (doc. no 30); (3) Motion to Appoint Counsel (doc. no. 31); (4) Motion for Preliminary Injunction (doc.

no. 32); (5) Supplemental Motion for Preliminary Injunction (doc. no. 33); (6) Second Supplemental Motion for Preliminary Injunction (doc. no. 36); and (7) Request for Judicial Notice (doc. no. 39).

## DISCUSSION

### I. Supplemental Pleading

Plaintiff's supplemental pleading pertains to issues and allegations in an earlier case he filed, case no. C 10-2088 CW (PR), in which judgment was entered against Plaintiff on April 2, 2012. Plaintiff did not seek permission from the Court to file a supplemental pleading and cannot add allegations to this case that pertain to a previous closed case. Therefore, Plaintiff's supplemental pleading is stricken from the record and will not be considered by the Court.

### II. Motion for Joinder

Plaintiff moves for the joinder of this action with a case filed by inmate Ryant Pratt, case number C 13-4557 SI (PR), because Pratt's case arises from the same acts or occurrences by Defendant Collier that Plaintiff alleges in this complaint. A review of the docket of Pratt's case shows he is currently housed at California State Prison-Sacramento, whereas Plaintiff is housed at SVSP, and that Pratt names, in addition to Collier, five defendants not named in Plaintiff's complaint. The Court denies Plaintiff's motion to join this case with Pratt's case for the same reasons stated in the Court's January 14, 2014 Order denying Plaintiff's motion to join this case to a case filed by inmate Smith.

//
//

III. Motion to Appoint Counsel

Plaintiff requests appointment of counsel because he is inexperienced with the law and the issues in this case are complex. The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualifies the issues involved as complex. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

Plaintiff is capable of presenting his claims effectively, and the issues, at least at this stage, are not complex. If the circumstances of this case materially change, this decision will be reconsidered by the Court on its own motion. Therefore, the motion to appoint counsel is DENIED.

IV. Motion and Supplemental Motions for Preliminary Injunction

These motions are DENIED without prejudice for the same reasons stated in the Court's January 14, 2014 Order denying without prejudice Plaintiff's previous motions for preliminary injunction. Defendants' dispositive motion was filed on May 16, 2014 and the Court ordered them to respond to Plaintiff's motions

3

for a preliminary injunction with their dispositive motion.  In addition, to the extent that Plaintiff raises additional claims in his new motion and supplemental motions for preliminary injunction, Defendants are ordered to respond to these claims as well.

V. Request for Judicial Notice

Plaintiff's request for judicial notice consists of additional allegations of Defendants' harassment.  Pursuant to Rule 201 of the Federal Rules of Evidence, a court only may take judicial notice of a fact that is not subject to reasonable dispute.  Plaintiff requests judicial notice of facts that are subject to reasonable dispute.  Therefore, the Court may not take judicial notice of them.  However, these allegations of harassment properly could be submitted in a declaration as evidence in in support of Plaintiff's opposition to Defendants' motion for summary judgment.  Plaintiff's request for judicial notice is DENIED.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motions for joinder and to appoint counsel are DENIED.  Doc. nos. 30, 31.  Plaintiff's motion and supplemental motions for a preliminary injunction are denied without prejudice; Defendants may respond to any new claims raised in these motions for preliminary injunction in a supplemental opposition no later than June 6, 2014.  Doc. nos. 32, 33, and 36.  Plaintiff's response is due July 3, 2014, and Defendants' reply July 17, 2014.

2. Plaintiff's supplemental pleading is stricken.  Doc. no. 29.

3. Plaintiff's request for judicial notice is DENIED. Doc. no. 39.

IT IS SO ORDERED.

Dated: 5/27/2014

                                         CLAUDIA WILKEN
                                         UNITED STATES DISTRICT JUDGE